```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STRIKE 3 HOLDINGS, LLC          :       CIVIL ACTION
                                :
          v.                    :
                                :
JOHN DOE SUBSCRIBER ASSIGNED IP :
ADDRESS 68.82.141.39            :       NO. 18-5223
```

MEMORANDUM

Bartle, J.                                      March 29, 2019

Plaintiff Strike 3 Holdings, LLC ("Strike 3") commenced this action against defendant John Doe "subscriber assigned IP address 68.82.141.39" for copyright infringement of its adult pornographic motion pictures in violation of 17 U.S.C. §§ 106 and 501. On December 13, 2018, this court, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, granted the ex parte motion of Strike 3 for leave to serve on defendant's internet service provider ("ISP") a subpoena seeking the name and address of defendant prior to any status conference under Rule 26(f). Before the court is the motion of defendant for reconsideration or, in the alternative, a protective order. Defendant has also filed a motion for a more specific pleading.

I

According to the complaint, Strike 3 is the owner of adult pornographic motion pictures for which it has registered copyrights or pending copyright registrations. These motion pictures are distributed through several subscription-based

websites owned and operated by Strike 3 and through DVDs. Strike 3 alleges that defendant committed copyright infringement by downloading thirty-one of Strike 3's motion pictures and by distributing them to others without authorization. Defendant purportedly did so by using the BitTorrent protocol, a system designed to distribute quickly large files over the internet.

Strike 3 has only been able to identify defendant by his or her internet protocol ("IP") address. This IP address is assigned by defendant's ISP. Discovery is generally not permitted prior to the early conference of the parties required under Rule 26(f), except by stipulation or a court order. Here, a Rule 26(f) conference was not possible since Strike 3 did not know the name and physical location of the defendant, other than defendant's presence somewhere in this district. Thus, prior to any conference of the parties, Strike 3 moved under Rule 26(d)(1) to serve a subpoena on Comcast Cable Communications, LLC, defendant's ISP. Strike 3 simply sought the name and address of defendant so that it can then effectuate service and otherwise continue with the prosecution of this action. As noted above, the court granted Strike 3's motion.

II

We begin with the defendant's motion for reconsideration. Such motion may be granted only where the moving party can establish one of the following: (1) there has

been an intervening change in controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Thus, the scope of a motion for reconsideration is quite limited. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

According to defendant, Strike 3 "has been serially using the Federal Court system to extort people all over the country and has recently been called to task for its litigation tactics . . . in several other jurisdictions." In support of this position, defendant cites the decision of the United States District Court for the District of Columbia, Strike 3 Holdings, LLC v. Doe, 351 F. Supp. 3d 160, 161-62 (D.D.C. 2018). There, the district court denied an ex parte motion by Strike 3 for leave to subpoena an ISP to identify the defendant who allegedly infringed Strike 3's copyrights. 351 F. Supp. 3d at 162, 166. The court characterized Strike 3 as a "copyright troll" and determined that Strike 3's need for discovery did not outweigh defendant's privacy expectation. Id. at 161-65. It then dismissed the action without prejudice on the ground that denial of the motion for leave to subpoena the ISP made serving the defendant impossible. Id. at 166.

We decline to adopt the reasoning set forth by the district court for the District of Columbia. We note that other district courts, both within and outside this district, have similarly rejected that decision.[1] See Strike 3 Holdings, LLC v. Doe, No. 18-2637, 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019); Strike 3 Holdings, LLC v. Doe, No. 18-5238, Doc. # 10 (E.D. Pa. Feb. 11, 2019). Here, Strike 3 has pleaded a plausible claim for copyright infringement. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). There is nothing before us at this time to suggest that Strike 3 is doing anything other than taking the proper steps to enforce what it deems to be valid copyrights.

The subpoena at issue seeks only the name and address of the defendant to whom the IP address was assigned. This information is certainly within the scope of discovery under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(1). There is no basis to conclude that the information is privileged or confidential or otherwise cannot properly be released pursuant to a subpoena. See id. at Rule 45(d)(3). We are satisfied that there are no other means for Strike 3 to obtain defendant's identity. If defendant cannot be identified and served, the action cannot proceed, and Strike 3 would be left

---

1. We also note that the ruling of the district court in the District of Columbia is currently on appeal.

-4-

without a remedy for any infringement of its copyrights.  See
Blakeslee v. Clinton Cty., 336 F. App'x 248, 250 (3d Cir. 2009).

Defendant has provided no support for the conclusory
statement that Strike 3 is a "copyright troll," that is, "a
non-producer [of the copyrighted work at issue] who merely has
acquired the right to bring lawsuits against alleged
infringers."  See Malibu Media, LLC v. John Does, 950 F. Supp.
2d 779, 780 (E.D. Pa. 2013).  Instead, based on the allegations
set forth in the complaint, Strike 3 is part of a group of
corporate entities that actually produces the motion pictures at
issue and which owns valid copyrights to those works.[2]  See id.
at 780-81.  The fact that the contents of the motion pictures
may be distasteful to some or that infringement may be
wide-spread is not a basis for closing the courthouse door to
Strike 3.

Defendant also asserts that "[i]f the Works at issue
are determined to be obscene, they are not copyrightable."  See
Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821
F. Supp. 2d 444, 447 n.2 (D. Mass. 2011).  The issue of whether
the works are obscene goes to the merits of this action and must

---

2. Specifically, Strike 3 owns the intellectual property,
including copyrights, for the motion pictures.  According to an
affidavit submitted in support of its ex parte motion for leave
to subpoena defendant's ISP, Strike 3 is owned by General Media
Systems, LLC, which appears to be the company that actually
creates and produces the motion pictures.

be decided by a finder of fact after reviewing all evidence. It is a matter that is subject to a rigorous inquiry.³ See Miller v. California, 413 U.S. 15, 24-30 (1973); United States v. Various Articles of Merch., 230 F.3d 649, 652 (3d Cir. 2000). At this early juncture, the existence of a possible obscenity defense does not preclude Strike 3 from obtaining the identity of the alleged infringer.

To the extent defendant raises concerns regarding embarrassment or the possibility of incorrect identification, Strike 3 does not object to the entry of a protective order to prevent the public disclosure of defendant's identity throughout this litigation. Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." We will issue such an order, which will appropriately

---

3. Specifically, under Miller, the trier of fact must determine that the work meets all three prongs of the following test:

> (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Various Articles of Merch., 230 F.3d at 652 (quoting Miller, 413 U.S. at 24).

address defendant's concerns while permitting Strike 3 to obtain information that is undoubtedly relevant and discoverable. See Fed. R. Civ. P. 26(b)(1).

Accordingly, the motion of defendant for reconsideration or, in the alternative, a protective order will be granted to the extent defendant seeks a protective order. Defendant shall be permitted to remain identified as "John Doe" throughout this litigation absent further order of this court. The motion will otherwise be denied because defendant has failed to establish an intervening change in controlling law, the existence of new evidence, or a need to correct a clear error of law or to prevent manifest injustice. See Max's Seafood Cafe by Lou-Ann, Inc., 176 F.3d at 677.

III

We turn now to the motion of defendant for a more specific pleading. In that motion, defendant seeks the title of each motion picture that defendant allegedly downloaded in violation of Strike 3's copyrights. Defendant asserts that the name of each motion picture is relevant to "an affirmative defense that Plaintiff abandoned its copyrights by entering into content partner relationships with tubesites and uploading its Works thereto knowing that such sites offer free downloads of uploaded Works to users." Defendant further contends that "the Defendant does not know what Works the Plaintiff is alleging

were downloaded, preventing counsel from making a reasonable investigation into the allegations being made."

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion under Rule 12(e) is "appropriate when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Ulearey v. PA Servs., Inc., No. 16-4871, 2017 WL 1283946, at *3 (E.D. Pa. Apr. 6, 2017) (quoting Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996)).

A review of Strike 3's pleading demonstrates that it is not so vague, ambiguous, or unintelligible that the defendant is unable to frame a responsive pleading. Exhibit A of the complaint provides the "file hash" for each motion picture and the website from which each motion picture was allegedly downloaded, as well as the copyright registration number for each.[4] The copyright registration numbers can be used to look up the name of each motion picture in a free, publicly-accessible database available on the website of the United States Copyright

---

4. According to the complaint, "[t]he entirety of the digital media file also has a unique cryptographic hash value ('file hash'), which acts as a digital fingerprint identifying the digital media file (e.g. a movie)."

-8-

Office.  Strike 3 has explained that it simply omitted the titles of the motion pictures, which it concedes may be salacious in nature, to avoid embarrassing the defendant and out of respect for the court and its staff.

Defendant has never stated that he or she cannot easily learn the title of the films from the information provided in the complaint.  Indeed, defendant has now answered the complaint.  Furthermore, Strike 3 represents that it has provided to defendant an amended Exhibit A which includes the titles of all motion pictures at issue.  As a result, the motion is moot.

The motion of defendant for a more definite statement will be denied.